## MINORITY AS AGAINST MAJORITY STOCKHOLDERS.

Circuit Court of Cuyahoga County.

MARGARET K. SMITH v. THE PEOPLES GAS LIGHT CO.

Decided, November 8, 1909.

*Corporations—Action of Stockholder to Restrain Action of Other Stockholders Not Maintainable—Anti-Trust Law.*

1. A minority stockholder can not maintain an action to restrain the other stockholders from exchanging their stock in the corporation for stock in another corporation where the action so complained of is the action of individuals and not of the corporation.

2. The fact that the exchange of stock by stockholders in one corporation for stock in another may result in a violation of the state anti-trust law to which the state might object, gives a dissenting stockholder no right to enjoin such exchange.

*H. L. Peeke,* for plaintiff in error.

*Squire, Sanders & Dempsey,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This is an action brought by a minority stockholder in the Peoples Gas Light Company to enjoin certain acts by the majority of the stockholders in the corporation, and also by a majority of the stockholders in the corporation co-defendant, the Cleveland Gas Light & Coke Co., both of which are corporations organized under the laws of Ohio, and the third corporation defendant, which is a corporation organized under the laws of West Virginia. It is alleged in the petition substantially that the directors of the two Cleveland corporations, not acting in their official capacity, that is through any resolution passed in a meeting of the board, but upon their individual responsibility, have, together with the other stockholders constituting with them a majority, entered into an agreement or conspiracy to violate the anti-trust law of this state, in bringing about what is in effect though not in form a consolidation of the two Cleveland companies, in connection with other companies in other cities, by exchange of their stock for stock in the West Virginia company.

It is claimed on behalf of the plaintiff that she has the right for herself and on behalf of the minority stockholders, to maintain this action to enjoin the transactions already referred to. She does not allege in her petition any special damage to herself or to those who are in like case with her, different from the results which will accrue to all of the stockholders of the two Cleveland companies. She does not allege that any effort is being made to defraud her, or that she will sustain any special injury, but she does claim that she has the right to maintain this action in precisely the same manner that a minority stockholder in any corporation may maintain an action to enjoin or to redress by some other means, a wrong threatened to be committed or actually committed by the corporation of which she is a stockholder, through the commission of *ultra vires* acts, acts which are beyond the power of the corporation to perform.

Now, there is abundant precedent for the maintenance of that sort of action. There is no question that a minority of the stockholders, without alleging any special damage to himself may, after exhausting the possibilities of redress within the corporation itself, maintain an action in the court to prevent or to undo any corporate act in excess of the charter powers of the corporation. And if it is apparent in the face of things that application to the corporation would be futile, for the purpose of obtaining such redress, it is unnecessary to make such application as a prerequisite to the maintenance of such an action. But as has been stated in the argument of this case by plaintiff's counsel, the allegation is made in the petition that plaintiff has applied to the corporation for redress of the grievances complained of.

We may assume for the purpose of our decision in this case, that the facts alleged in the petition are sufficient, under the authority of the case of the Standard Oil Company in the 49th Ohio State Reports, to be a foundation for an action by the state, such as that action was, to oust the corporation from the exercise of the illegal powers which it has assumed to possess and use. That case, it will be remembered, was a case where, so far at least as the syllabus discloses, there was no formal corporate action in excess of its corporate powers. The corpo-

rate action there consisted, so far at least, as the syllabus goes, was of the action of the stockholders individually. In this case, as in that, if there has been any such infraction of the law, any attempt to violate the Valentine act, the anti-trust law of this state, such as the petition complains of, there is abundant redress provided by the laws of this state at the suit of the state itself. So that these wrongs, if they be wrongs, will not need to go unredressed.

So far as the plaintiff herself is concerned, there is no precedent, so far as we know, any where in the books, for the maintenance of an action by a minority stockholder to restrain corporate action beyond the lawful powers of the corporation where such action so complained of is merely constructively a corporate action—that is to say, an action of the stockholders as distinguished from formal action of a corporation in the manner in which such action under the statutes of the state must be regularly had. And we are unwilling to take the new step that it will be necessary to take, as we understand the case, in order to grant the plaintiff the relief which she prays for. And although the objection to the petition is interposed upon our own motion and not upon the motion of counsel for defendant, we are disposed to hold, and do hold that the case made by the plaintiff does not constitute a cause of action.